```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                            LEXINGTON
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) Criminal Action No. 5:03-91-JMH |
|     Plaintiff, | ) |
| v. | ) |
| JAMES RAY COPE, | ) **MEMORANDUM OPINION AND ORDER** |
|     Defendant. | ) |

                        \*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant's motion for judgment of acquittal or, in the alternative, motion for a new trial [Record No. 165]. The United States having responded, and this Court being otherwise sufficiently advised, this matter is now ripe for review.

**I.  Defendant's Motion for Acquittal**

    **A.  Sufficiency of the Evidence as to Count 1**

In support of his motion, Defendant argues that the United States did not meet its burden of proof regarding Count 1 of the indictment. Defendant contends that the United States did not present direct evidence of Defendant violating 18 U.S.C. § 373, that is, soliciting any person to cause harm to be done to a Federal law enforcement officer. First, Defendant argues that the United States offered insufficient evidence and that its

1

presentation of conversations between Defendant and the government's informant, David Smallwood, did not demonstrate Defendant's intent to solicit murder. Secondly, Defendant argues that the conversations introduced by the United States did not show Defendant soliciting anyone to commit the murder of a Federal law enforcement officer.

The test for determining the sufficiency of the evidence is whether "a reasonable mind might fairly find guilt beyond a reasonable doubt" from that evidence. *United States v. Holloway*, 731 F.2d 378, 381 (6th Cir. 1984). In applying this test, the Court must view the evidence in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60 (1942). In assessing the sufficiency of the evidence, the Court does not "weigh the evidence, assess the credibility of the witnesses, or substitute [its] judgment for that of the jury." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001).

To convict for solicitation under 18 U.S.C. § 373, the United States must prove that Defendant "had the intent that another person engage in conduct constituting a crime described in Title 18 and that the defendant actually commanded, induced or otherwise endeavored to persuade the other person to commit the felony." *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1989) (internal citations omitted). In *United States v. Talley*, 164 F.3d 989 (6th Cir. 1999), the Sixth Circuit relied upon *McNeill*,

explaining, "'the government must prove by "strongly corroborative circumstances" that the defendant had the intent that another person engage in conduct constituting a crime described in Title 18.'" *Id.* at 996 (quoting *McNeill*, 887 F.2d at 450).

The United States presented the following evidence: (1) the testimony of David Smallwood, who testified that Cope offered him $10,000 to kill or to arrange for the killing of Assistant United States Attorney Roger West; (2) a tape recording of a conversation between Mr. Smallwood and Defendant in which Defendant says he would pay $10,000 to anyone who would kill Mr. West; and (3) the testimony of Robert Alexander, who testified that Cope admitted to him that he had solicited the murder of Mr. West.

It is the Court's determination that based on the testimony given by Mr. Smallwood and Mr. Alexander and the tape recording of a conversation between Defendant and Mr. Smallwood presented to the jury, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" and, as a result, this evidence was sufficient to sustain a conviction. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), *quoted in United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002).

    **B.    Constitutionally Protected Speech**

Defendant also argues that the content of his statements, which were relied upon by the United States, is protected by the

3

First Amendment. Unlike "true threats," which Defendant concedes are not constitutionally protected, Defendant asserts that his statements are "inextricably intertwined" with legitimate discussion of his legal case and "can only be characterized as statements of dismay concerning the outcome and progress" of his case.

"[A] communication which an objective, rational observer would tend to interpret, in its factual context, as a credible threat, is a 'true threat' which may be punished by the government." *United States v. Alkhabaz*, 104 F.3d 1492, 1505 (6th Cir. 1997). In *United States v. Miller*, 115 F.3d 361 (6th Cir. 1997), the Sixth Circuit explained, "[I]f a reasonable person would foresee that an objective rational recipient of the statement would interpret its language to constitute a serious expression of intent to harm . . . that message conveys a 'true threat.'" *Id.* at 363. The jury determines whether a communication is a "true threat," *United States v. Daughenbaugh*, 49 F.3d 171, 173 (5th Cir. 1995), and in the instant case, the jury found that Defendant's statements were threats to kill Mr. West. It is well-settled law that threats of physical violence are not protected by the First Amendment. *See Watts v. United States*, 394 U.S. 705, 707 (1969).

### C. Sufficiency of the Evidence as to Counts 2 and 4

Defendant contends that the United States failed to meet its

4

burden of proof regarding Counts 2 and 4, as no direct evidence of a threat against a Federal law enforcement officer was introduced. Defendant claims that because the threats were made by Mr. Smallwood, not by Defendant, there was insufficient evidence for a reasonable jury to conclude that Defendant intentionally transmitted the threats.[1]

Counts 2 and 4 of the indictment charge Defendant with violating 18 U.S.C. § 115, which makes it unlawful to "threate[n] to assault, kidnap, or murder . . . a Federal law enforcement officer . . . with intent to impede, intimidate, or interfere with such . . . law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties." 18 U.S.C. § 115. As with Count 1, because Defendant is challenging the sufficiency of the evidence on these Counts, the Court views the evidence in the light most favorable to the prosecution and determines whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

The United States introduced direct evidence regarding Counts 2 and 4 including testimony by Mr. Smallwood who heard Defendant make the threats, actual recordings of the threats, and testimony

---

[1] Count 3 was dismissed after the jury was unable to reach a verdict on that count on motion of the government.

by Mr. Alexander that Defendant admitted making the threats. As with Count 1, viewing the evidence in the light most favorable to the prosecution, the Court finds that the evidence presented at trial shows that any rational trier of fact could have found Defendant guilty of Counts 2 and 4 for threatening to kill Mr. West.

**D. Defendant's Challenges to the Introduction of Certain Evidence**

Defendant challenges the United States' introduction of two pieces of evidence. Defendant characterizes the United States' introduction of an investigation of a September 27, 1987 shooting as materially prejudicial. Also, Defendant argues that the United States should not have been allowed to present a *60 Minutes* program entitled "The Poison Umbrella." Defendant argues that evidence of the investigation and the tape should have been excluded under Federal Rule of Evidence 402 because the evidence was not relevant, or under Rule 403 because it misled and confused the jury and its probative value was substantially outweighed by its unfairly prejudicial effect.

Rule 402 provides that all relevant evidence is admissible, while Rule 403 limits the introduction of relevant evidence, if the probative value of such evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

6

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  The statements made by Defendant about the September 27, 1987 shooting were relevant evidence because the statements, made to the person solicited at or near the time of the solicitation that Defendant had previously killed federal informants, are strongly corroborative circumstances highly probative of intent.  Intent is an element of the violation charged in Count 1, solicitation to murder a Federal law enforcement officer.  The evidence of the investigation into the September 27, 1987 shooting is relevant because the evidence shows that a shooting actually took place and corroborates the testimony of the person solicited and the testimony of Mr. Alexander, a witness to whom Defendant admitted the crime.  The probative value of the evidence was not outweighed by any unfairly prejudicial effect under Rule 403 because the United States took the precaution of informing the jury that it was only contending that Defendant said he committed the 1987 shooting, not that Defendant actually committed that crime.

   The introduction of the excerpt from the *60 Minutes* program is relevant evidence because it corroborated Defendant's taped statement that he had learned about the poison ricin from the program.  The Court is not persuaded that such evidence misled and confused the jury, as Defendant mentioned the program on tape and

7

the United States made clear that such evidence was introduced to corroborate Defendant's statement. The Court finds that the evidence's probative value — it corroborated Defendant's taped statement — was not outweighed by any unfairly prejudicial effect.

**II.  Defendant's Motion for a New Trial**

In the alternative, Defendant moves the Court for a new trial. Defendant contends that the verdict in his trial was inconsistent because the jury was unable to reach a verdict on Count 3 but found Defendant guilty on Counts 2 and 4. Defendant argues that Counts 2, 3, and 4 were mirror images of each other except that the conduct alleged occurred on three different days. Based on the jury's questions to the Court during deliberations, Defendant claims that the jury was confused as to the alleged target of the threats.

Even if the Court assumes that Defendant presents a valid argument that the jury's verdict was inconsistent, inconsistent verdicts provide no basis for reversal. *See United States v. LeMaster*, 54 F.3d 1224, 1233 (6th Cir. 1995). Instead, under *United States v. Powell,* 469 U.S. 57, 67-69 (1984), this Court should review each count on which Defendant was convicted for sufficiency of the evidence. The Court completed that review on Counts 1, 2, and 4 in this Order. *See supra* Sections I.A, I.C.

Finally, there is no merit in Defendant's argument that the

8

jury's question to the Court shows that the jury was confused, because the jury obviously resolved their confusion by finding Defendant guilty beyond a reasonable doubt on Counts 1, 2, and 4.

Accordingly,

**IT IS ORDERED** that Defendant's motion for judgment of acquittal or, in the alternative, motion for a new trial [Record No. 165] be, and the same hereby is, **DENIED**.

This the 3rd day of February, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge

9